Bethany G. Lukitsch (314376)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard
Suite 1400
Los Angeles, CA  90025-0509
Telephone:     310.820.8800
Facsimile:      310.820.8859
Email:            blukitsch@bakerlaw.com

Joel C. Griswold (*Admitted Pro Hac Vice*)
BAKER & HOSTETLER LLP
200 South Orange Avenue
Suite 2300
Orlando, FL  32801-3432
Telephone:     407.649.4000
Facsimile:      407.841.0168
Email:            jcgriswold@bakerlaw.com

Attorneys for Defendant
CHICK-FIL-A, INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH CARROLL, REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHICK-FIL-A, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO.: 4:23-CV-00314-YGR<br><br>**NOTICE OF MOTION AND 28 U.S.C. § 1404(A) MOTION TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed Concurrently with Declaration of Dustin Britt and Declaration of Kevin Purcer; And [Proposed] Order]*<br><br>Date:     May 30, 2023<br>Time:    2:00 p.m. |

**TO THE HONORABLE COURT, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD HEREIN;**

**PLEASE TAKE NOTICE THAT** on May 30, 2023, at 2:00 p.m. or as soon thereafter as counsel may be heard, in Courtroom 1—4th Floor of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA, 94612, Defendant Chick-fil-A, Inc., ("Chick-fil-A") will and hereby does move this Court for an order granting Chick-fil-A's Motion to Transfer.

This Motion is made pursuant to 28 U.S.C. § 1404(a) because it would be more convenient to the parties and witnesses, and in the interest of justice, for the case to be heard in the United States District Court for the Northern District of Georgia. As described below, Plaintiffs' First Amended Complaint has minimal ties to California, whereas Chick-fil-A is headquartered in Georgia and its witnesses who are likely to testify regarding Chick-fil-A's Pixel use are located in Georgia. Chick-fil-A's Motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, and accompanying Declaration of Dustin Britt and Declaration of Kevin Purcer filed concurrently herewith, the pleadings and papers on file in this action, and upon such further argument and evidence as may be presented prior to or at the hearing of this Motion.

Dated:   April 21, 2023          Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/ Bethany G. Lukitsch*
       Bethany G. Lukitsch

Attorneys for Defendant
CHICK-FIL-A, INC.

- 2 -

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR
4882-3994-2493.3

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................6

II. STANDARD OF LAW ...........................................................................................7

III. ARGUMENT ..........................................................................................................7

    a. PLAINTIFFS' COMPLAINT COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF GEORGIA. ...................................................8

    b. PRIVATE AND PUBLIC INTERESTS ARE BEST SERVED BY TRANSFERRING THIS ACTION TO THE NORTHERN DISTRICT OF GEORGIA. ......................................................................................................8

        1. Plaintiffs' Choice Of Forum Is Not Entitled To Deference. .........................9

        2. The Convenience Of The Parties Favors Transfer. ...................................10

        3. The Convenience Of The Witnesses Favors Transfer. ..............................11

        4. The Location Where The Relevant Agreements Were Negotiated And Executed Weighs In Favor Of Transfer. ....................................................11

        5. The State That Is Most Familiar With The Governing Law. .....................12

        6. The Parties' Contacts With The Forum And The Place Where The Alleged Operative Facts Occurred Favors Transfer. .................................12

        7. The Difference In The Costs Of Litigation In The Two Forums Weighs In Favor Of Transfer. ....................................................................12

        8. The Relative Congestion In Each Forum Weighs In Favor Of Transfer. .....................................................................................................13

        9. The Availability Of Process To Compel Attendance Of Unwilling Witnesses, And The Ease Of Access To Sources Of Proof. .....................14

IV. CONCLUSION .....................................................................................................14

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

- 3 -

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agnew v. National Collegiate Athletic Ass'n*,
  No. C 10-04804 JSW, 2011 WL 13152860 (N.D. Cal. Feb. 22, 2011) ............................. 13, 14

*Byler v. Deluxe Corp.*,
  222 F. Supp. 3d 885 (S.D. Cal. 2016) ................................................................................... 14

*Carroll v. La-Z-Boy, Inc.*,
  No. 4:22-cv-08961 (N.D. Cal.) ......................................................................................... *passim*

*Fabus Corp. v. Asiana Exp. Corp.*,
  No. C-00-3172 PJH, 2001 WL 253185 (N.D. Cal. Mar. 5, 2001) ........................................ 9, 11

*Four Jays Music Co. v. Apple, Inc.*,
  No. CV197952FMOMAAX, 2020 WL 7862123 (C.D. Cal. Dec. 1, 2020) ............................. 7

*Gerritsen v. Warner Bros. Ent. Inc.*,
  112 F. Supp. 3d 1011 (C.D. Cal. 2015) ................................................................................. 13

*Hatch v. Reliance Ins. Co.*,
  758 F.2d 409 (9th Cir. 1985) .................................................................................................. 7

*Joseph v. TrueBlue, Inc.*,
  No. 2:14-CV-0316-SMJ, 2014 WL 6908968 (E.D. Wash. Dec. 9, 2014) ........................ 12, 13

*Knuttel v. Omaze, Inc.*,
  572 F. Supp. 3d 866 (N.D. Cal. 2021) .................................................................................. 12

*Lenk v. Semiconductor Component Indus., LLC*,
  No. 20-CV-08099-EJD, 2021 WL 3616769 (N.D. Cal. Aug. 16, 2021) ......................... *passim*

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) .................................................................................................. 9

*Metz v. U.S. Life Ins. Co. in City of New York*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009) ................................................................................ 8, 9

*Patten v. Hancock*,
  No. 15-CV-04022-JSW, 2016 WL 693233 (N.D. Cal. Feb. 22, 2016) ........................... 8, 9, 11

*Saleh v. Titan Corp., et al.*,
  361 F. Supp. 2d 1152 (S.D. Cal. 2005) .................................................................................. 9

- 4 -

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR

*Stewart Org., Inc. v. Ricoh Corp.*,
　487 U.S. 22 (1988) ...................................................................................................................7

*Tolbert v. Antioch Police Department, et al.*,
　No. 22-CV-02026-JSC, 2023 WL 2959989 (N.D. Cal. Apr. 14, 2023) ..................................13

*Trottier v. FieldCore Servs. Sols., LLC*,
　No. CV 20-77 PA (JCX), 2020 WL 13304063 (C.D. Cal. Aug. 3, 2020) ..............................14

*Van Dusen v. Barrack*,
　376 U.S. 612 (1964) ..................................................................................................................8

**Statutes**

28 U.S.C. § 1331 ..............................................................................................................................8

28 U.S.C. § 1391(b)(1) ....................................................................................................................8

28 U.S.C. § 1404(a) ................................................................................................................6, 7, 8

Video Protection Privacy Act, 18 U.S.C. § 2710 *et. seq.* ...............................................................6

**Other Authorities**

U.S. District Court - Judicial Caseload Profile, pp. 66, 93 *found at*
　https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile12
　31.2022.pdf .............................................................................................................................13

- 5 -

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter should be transferred to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) because the balance of private and public factors weighs in favor of transfer. Defendant Chick-fil-A, Inc. ("Chick-fil-A") is headquartered in Atlanta, Georgia, where the Northern District of Georgia's jurisdiction lies. Plaintiffs' First Amended Complaint[1] alleges one count for alleged violation of the Video Protection Privacy Act, 18 U.S.C. § 2710, *et seq.* ("VPPA"), stemming from Chick-fil-A's use of the Facebook Pixel ("Pixel") on its website, www.evergreenhills.com ("Evergreen Website"), and Google Analytics on its website, www.chick-fil-a.com ("Chick-fil-A Website", together with Evergreen Website, the "Websites"). (*See generally* Plaintiffs' First Am. Compl. ("FAC") ¶¶ 64-71.) Specifically, Plaintiff Carroll alleges that Chick-fil-A placed the Pixel code on the Evergreen Website, and that the Pixel allegedly transfers Plaintiff Carroll's personally identifying information along with information about any videos Plaintiff Carroll watched on the Evergreen Website, to Facebook. (FAC. ¶¶ 17-35; 67.) Plaintiff Rodriguez alleges that Chick-fil-A placed Google Analytics code on the Chick-fil-A Website, and that Google Analytics allegedly transfers the page title, video location, and the _gid cookie to Google. (FAC ¶¶ 41-42.) Plaintiffs allege these actions violated the VPPA because Chick-fil-A did not obtain written informed consent from Plaintiffs to disclose their information to third parties. (*Id.*, ¶ 70.)

Plaintiffs' VPPA claim, however, is better suited to be heard in the Northern District of Georgia because Atlanta, Georgia is where Chick-fil-A's headquarters are located and where the key witnesses with information related to Plaintiffs' allegations reside. Indeed, Chick-fil-A's corporate employees with knowledge of the company as a whole, and its key witnesses with knowledge of Chick-fil-A's website code and information sharing practices work out of Chick-fil-A's Georgia headquarters. *None* of the allegations in Plaintiffs' First Amended Complaint are tied to California, except for Plaintiff Rebeka Rodriguez's residence. Moreover, Plaintiffs have brought

---

[1] Chick-fil-A had prepared a motion to transfer venue with respect to the original Complaint and was about to file it on April 4, 2023 when Plaintiffs filed the First Amended Complaint.

a putative class action Complaint, and seek to represent a nationwide class defined as "[a]ll persons in the United States who are consumers under the VPPA who played video content on www.evergreenhills.com, www.chick-fil-a.com, or any other website owned, operated, or controlled by Defendant and whose PII was disclosed by Defendant to Facebook, Google or any third party during the two years preceding the filing of this action (the "Class Period")." (FAC ¶ 58.) With minimal ties to California alleged in the Complaint, and Chick-fil-A's headquarters, with witnesses who can testify as to Chick-fil-A's use of Pixel and Google Analytics located in Georgia, along with other public factors, the Northern District of Georgia is the appropriate venue for this action. Indeed, another court in this District recently transferred a VPPA case filed by Plaintiff Carroll to the jurisdiction where the defendant was headquartered for these same reasons. *See Carroll v. La-Z-Boy, Inc.*, No. 4:22-cv-08961 (N.D. Cal.) ("*Carroll*") (ECF No. 36).

## II. STANDARD OF LAW

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal citations omitted); *see Four Jays Music Co. v. Apple, Inc.*, No. CV197952FMOMAAX, 2020 WL 7862123, at *1 (C.D. Cal. Dec. 1, 2020) ("This provision gives a district court broad discretion to transfer a case to another district where venue is also proper.").

## III. ARGUMENT

"To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought." *Lenk v. Semiconductor Component Indus., LLC*, No. 20-CV-08099-EJD, 2021 WL 3616769, at *2 (N.D. Cal. Aug. 16, 2021) (citing *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations

- 7 -

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR

omitted)); *see also Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) ("This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought.").

### a. PLAINTIFFS' COMPLAINT COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF GEORGIA.

As a threshold mater, Section 1404(a) authorizes transfer to a court where the action might have been brought. 28 U.S.C. § 1404(a). The transfer proposed by Chick-fil-A satisfies this requirement. First, there is subject matter jurisdiction in the U.S. District Court for the Northern District of Georgia because Plaintiffs' lawsuit arises under the VPPA, a federal statute. *See* 28 U.S.C. § 1331. Second, the Northern District of Georgia would have personal jurisdiction over Chick-fil-A and venue would be proper there because Chick-fil-A resides in that judicial district as its headquarters are located there. *See* 28 U.S.C. § 1391(b)(1); (Declaration of Dustin Britt ("Britt Decl.") ¶ 4; Declaration of Kevin Purcer ("Purcer Decl.") ¶ 4); *see Lenk*, 2021 WL 3616769, at *2 (finding claims could have been brought in transferee district where jurisdiction and venue are met). Thus, Plaintiffs could have filed this case in Georgia federal court.

### b. PRIVATE AND PUBLIC INTERESTS ARE BEST SERVED BY TRANSFERRING THIS ACTION TO THE NORTHERN DISTRICT OF GEORGIA.

Once it is determined that "the proposed district is a viable one, the court then goes through an 'individualized, case-by-case consideration of convenience and fairness.'" *Lenk*, 2021 WL 3616769 at *2 (citing *Van Dusen*, 376 U.S. at 622). "The other factors considered in determining whether transfer is appropriate include: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consideration of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Id.*; *see Patten v. Hancock*, No. 15-CV-04022-JSW, 2016 WL 693233, at *1 (N.D. Cal. Feb. 22,

- 8 -

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR

2016) (citing same factors).

### 1. Plaintiffs' Choice Of Forum Is Not Entitled To Deference.

Plaintiffs chose to file a nationwide putative class action, and the Ninth Circuit, "like other courts, has noted that the weight to be given the plaintiffs choice of forum is discounted where the action is a class action." *See Metz v. U.S. life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) (quoting *Saleh v. Titan Corp., et al.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005)); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (holding that "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight.").

Furthermore, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Patten v. Hancock*, No. 15-CV-04022-JSW, 2016 WL 693233, at *1 (N.D. Cal. Feb. 22, 2016). Here, the Court may take judicial notice of another VPPA lawsuit wherein Plaintiff Carroll filed a declaration attesting to the fact that Plaintiff Carroll is actually a resident of Virginia. *See Carroll*, No. 4:22-cv-08961 (N.D. Cal.) (ECF No. 20-6). Therefore, California has no particular interest in Plaintiff Carroll's claims because Plaintiff Carroll is not a California resident and does not allege that any activity related to his claims occurred in California. *See also id.* (ECF No. 36) (granting motion to transfer and holding that plaintiff's choice of venue is entitled to minimal deference where plaintiff sought to represent a nationwide class and was not a resident of the selected forum); *Lenk v. Semiconductor Component Indus., LLC*, No. 20-cv-08099-EJD, 2021 WL 3616769, at *3 (N.D. Cal. Aug. 16, 2021) (plaintiff's choice of forum will be "given less deference when the plaintiff resides outside of the chosen forum" and where there is evidence of forum shopping); *Fabus Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001) ("the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum chosen lacks a significant connection to the activities alleged in the complaint.").

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR

Additionally, although Plaintiff Rodriguez alleges she is a California resident (FAC ¶ 7), her claims are not likely to remain in this case. As explained in Chick-fil-A's Motion to Dismiss the First Amended Complaint, Plaintiff Rodriguez's claims concerning Google Analytics are even weaker than Plaintiff Carroll's claims concerning Facebook Pixel because Plaintiff Rodriguez does not even allege that Google—much less anyone else—could identify her based on the information allegedly shared with Google. Chick-fil-A also is investigating whether Plaintiff Rodriguez's claims may be subject to individual arbitration. Chick-fil-A has located seven mobile app accounts belonging to someone with the name "Rebeka Rodriguez" and has asked Plaintiff Rodriguez to provide her email addresses so that Chick-fil-A can confirm whether any of these accounts belong to her, and consequently whether she has consented to Chick-fil-A's individual arbitration agreement. To date, Plaintiff Rodriguez has not been willing to provide her email addresses. If Plaintiff Rodriguez's claims are subject to individual arbitration, then she cannot participate in this case.

In short, Plaintiffs' choice of forum is not entitled to deference because this is a putative nationwide class action. The fact that Plaintiff Carroll is not a resident of California, and that Plaintiff Rodriguez is unlikely to remain as a plaintiff in this case, further underscore that their choice of forum is not entitled to deference.

### 2. *The Convenience Of The Parties Favors Transfer.*

The convenience of the parties favors transfer. As noted above, only Plaintiff Rodriguez allegedly lives in California. Plaintiff Carroll lives in Virginia, and it would be closer for him to travel to Georgia than to travel to California. Furthermore, Chick-fil-A's headquarters with its corporate officers, and key witnesses that make decisions related to the Pixel and Google Analytics code that Chick-fil-A used on the Websites, are located in Georgia. (Britt Decl., ¶¶ 4, 6.; Prucer Decl., ¶¶ 4, 6); *see Lenk,* 2021 WL 3616769, at *4 (finding factor weighed in favor of transfer where defendant's headquarters were in transferee district); *Carroll*, No. 4:22-cv-08961 (N.D. Cal.) (ECF 36) (finding location of corporate headquarters and witnesses with knowledge in the transferee forum to weigh in favor of transfer). Therefore, the convenience of the parties weighs

in favor of transfer because Plaintiffs have failed to demonstrate that their VPPA claim has a material connection to the Northern District of California and, by contrast, Chick-fil-A and other likely witnesses in this case are located in Georgia.

### 3. The Convenience Of The Witnesses Favors Transfer.

Next, the convenience of the witnesses favors transfer. "The convenience of witnesses is often the most important factor in resolving a motion to transfer." *Patten*, 2016 WL 693233, at *2. The majority of the witnesses necessary to this action will likely be party witnesses, with Chick-fil-A's multiple key party witnesses located in Georgia. This is because Chick-fil-A's corporate employees located in Georgia are the decision makers for Chick-fil-A's decision to enter into a relationship with Facebook for the Pixel and with Google for Google Analytics, and to implement the Pixel and Google Analytics on the respective Websites. (Britt Decl., ¶ 6; Purcer Decl., ¶ 6); *see Patten*, 2016 WL 693233, at *2 (factor weighed in favor of transfer where defendant's corporate witnesses were located in transferee district); *Fabus*, 2001 WL 253185, at *2 (finding factor weighed heavily in favor of transfer where, "the witnesses identified are nearly entirely located in the Los Angeles area."); *Carroll*, No. 4:22-cv-08961 (N.D. Cal.) (ECF 36) (finding location of corporate witnesses in transferee forum weighed in favor of transfer). The only other witnesses that Chick-fil-A foresees calling at this time would be Plaintiff Carroll, who is a Virginia resident, and Plaintiff Rodriguez—but only if Plaintiff Rodriguez remains as a named plaintiff in this case. Therefore, it would even be more convenient for Plaintiff Carroll to travel to Georgia to testify at trial than it would be to travel to California, since Virginia is closer to Georgia than to California. This factor, therefore, favors transfer.

### 4. The Location Where The Relevant Agreements Were Negotiated And Executed Weighs In Favor Of Transfer.

The location where the relevant agreements were negotiated and executed weighs in favor of transfer. The key witnesses who negotiated and entered into the relationships for the use of the Pixel and Google Analytics work at Chick-fil-A's Georgia headquarters. (Britt Decl., ¶ 6; Purcer Decl. ¶ 6); *see Fabus Corp.*, 2001 WL 253185, at *2 (finding factor weighed in favor of transfer

where the transferee venue is where the operative facts occurred); *Carroll*, No. 4:22-cv-08961 (N.D. Cal.) (ECF 36) (finding factor weighed in favor of transfer where employees with knowledge of the transaction with Facebook for the Pixel were located in transferee forum). Therefore, this factor weighs in favor of transfer.

### 5. *The State That Is Most Familiar With The Governing Law.*

Federal courts are presumed to be equally familiar with and competent in deciding issues of federal law. *See, e.g., Joseph v. TrueBlue, Inc.*, No. 2:14-CV-0316-SMJ, 2014 WL 6908968 at *2 (E.D. Wash. Dec. 9, 2014). In this case, Plaintiffs have brought only one claim for alleged violation of the federal VPPA. Therefore, this factor is neutral.

### 6. *The Parties' Contacts With The Forum And The Place Where The Alleged Operative Facts Occurred Favors Transfer.*

The parties' contacts with the forum and the place where the alleged operative facts occurred favors transfer. As explained above , Chick-fil-A is headquartered in Georgia, where its corporate officers work. (Britt Decl., ¶ 4; Purcer Decl. ¶ 4.) While Chick-fil-A has some employees in, and owns various restaurants throughout, California, Plaintiffs' Complaint does not stem from any interaction with a Chick-fil-A restaurant, but rather through Plaintiffs' online use of the Websites. *See Knuttel v. Omaze, Inc.,* 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) (finding factor weighed in favor of transfer where although plaintiff's "single triggering event" that ultimately ripened his claims was a visit to defendant's website, defendant's decisions about website design and language to use on its website all occurred at defendant's headquarters, in the transferee forum). Chick-fil-A's key witnesses who were involved in the negotiation, implementation, and use of the Pixel and Google Analytics work in Georgia, and have no connection to California. (Britt Decl., ¶ 6; Purcer Decl. ¶ 6.). This factor, therefore, weighs in favor of transfer.

### 7. *The Difference In The Costs Of Litigation In The Two Forums Weighs In Favor Of Transfer.*

The difference in the costs of litigation in the two forums weighs in favor of transfer. This is because, as described above, Chick-fil-A will likely have to provide multiple party witnesses to

- 12 -

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR

defend itself and will have to expend resources to appear in California, whereas Plaintiff Carroll will *also be required* to travel to California because Plaintiff Carroll is a Virginia resident. *See Joseph*, 2014 WL 6908968, at *3 (finding factor in favor of defendant whose headquarters was 300 miles way from plaintiff's choice of forum). In contrast, Chick-fil-A's witnesses will not have to travel if the case is transferred to Georgia. Further, Georgia is closer to Plaintiff Carroll, and therefore, is easier to access for Plaintiff Carroll. Therefore, this factor weighs in favor of transfer.

### 8. The Relative Congestion In Each Forum Weighs In Favor Of Transfer.

The Court also considers the relative congestion in each forum and here, the relative congestion weighs in favor of transfer. Indeed, relative congestion is often measured by the "two fora's 'median time from filing to disposition or trial.'" *See Agnew v. National Collegiate Athletic Ass'n*, No. C 10-04804 JSW, 2011 WL 13152860, at *4 (N.D. Cal. Feb. 22, 2011). In addition to the median time from filing to disposition and filing to trial, courts look to the average pending cases before each judge. *See Lenk, LLC,* 2021 WL 3616769, at *4.

In 2022 in the Northern District of California, judges in the district averaged 566 pending civil cases, whereas in the Northern District of Georgia, judges averaged 559 cases. *See* U.S. District Court — Judicial Caseload Profile, pp. 66, 93 at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2022.pdf.[2] Further, in the Northern District of California, the median time from filing to disposition was 11.4 months, and from filing to trial was 34.7, whereas in the Northern District of Georgia the median time from filing to disposition was 5.1 months and from filing to trial was 37.4. (*Id*.) Given that two out of the three factors considered are lower in Georgia, this factor weighs in favor of transfer. S*ee Lenk*, 2021 WL 3616769, at *4 (finding factor weighed in favor of transfer where transferee forum was less congested).

---

[2] "Federal Rule of Evidence 201(b) permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Tolbert v. Antioch Police Department, et al.*, No. 22-CV-02026-JSC, 2023 WL 2959989 (N.D. Cal. Apr. 14, 2023); *see Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015) (taking judicial notice of information from website run by governmental agency).

9.  *The Availability Of Process To Compel Attendance Of Unwilling Witnesses, And The Ease Of Access To Sources Of Proof.*

It is unknown at this time, prior to discovery, who may be third-party witnesses whose attendance will need to be compelled. However, to the extent any former employees of Chick-fil-A need to be called as witnesses, they are likely to be located in Georgia, where Chick-fil-A's headquarters is located. Next, the "[e]ase of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because 'advances in technology have made it easy for documents to be transferred to different locations.'" *Trottier v. FieldCore Servs. Sols., LLC,* No. CV 20-77 PA (JCX), 2020 WL 13304063, at *3 (C.D. Cal. Aug. 3, 2020) (quoting *Byler v. Deluxe Corp.*, 222 F. Supp. 3d 885, 906-07 (S.D. Cal. 2016)). Given that this case involves computer code and transfer of data online, this factor slightly favors Georgia where Chick-fil-A's relevant documents are located. *See Trottier,* 2020 WL 13304063, at *3. Indeed, in *Agnew*, the court held that, even though "'modern technology has significantly reduced the costs associated with the transfer of documents' in the case of electronic records . . . litigation expenses will be minimized by adjudicating the action in the district where most of the documentary evidence is located." 2011 WL 13152860, at *3.

This factor, therefore, weighs in favor of transfer.

## IV.  CONCLUSION

The convenience of parties and witnesses and the interests of justice all favor transferring this action to the Northern District of Georgia, where Chick-fil-A is headquartered, key decisions concerning the website at issue were made, and key witnesses are located. Chick-fil-A respectfully requests that this Court grant the Motion to Transfer, and all further and other relief as this Court deems just.

Dated:   April 21, 2023                              Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/Bethany G. Lukitsch*

Bethany G. Lukitsch

Attorneys for Defendant
CHICK-FIL-A, INC.

- 15 -

NOTICE OF MOTION 28 U.S.C. § 1404(A) MOTION TO TRANSFER;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.: 4:23-CV-00314-YGR