UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEITH CARROLL, REBEKA RODRIGUEZ**, on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**CHICK-FIL-A INC.**, a Georgia corporation,<br><br>Defendant. | Case No.: 23-cv-00314-YGR<br><br>ORDER DENYING MOTION TO TRANSFER; GRANTING MOTION FOR EARLY DISCOVERY; DENYING MOTION TO DISMISS WITHOUT PREJUDICE<br><br>Dkt. Nos.: 20, 24, 30, 34, and 38 |

Before the Court are defendant's motion to transfer this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 24),[1] motion for limited discovery regarding the arbitrability of plaintiff Rebeka Rodriguez's claim (Dkt. No.

---

[1] The Court has reviewed the papers submitted by the parties this and has determined the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

Further, the Court **GRANTS** plaintiffs' request for judicial notice of case load profiles for the Northern District of California and Northern District of Georgia. (Dkt. No. 27-6.) Documents in the public record are proper subjects of judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court affords them their proper evidentiary weight.

30), and motion to dismiss (Dkt. No. 20) and several administrative items. For the reasons given herein, the Court denies the motion for transfer, grants the motion for discovery, and denies the motion to dismiss without prejudice to being revised and refiled after a determination has been made regarding the arbitrability of Rodriguez's claim.

The Court assumes the parties' familiarity with the allegations and briefing in this action and refers to them as necessary to its analysis of the instant motion.

### I.   MOTION TO TRANSFER

The moving party bears the burden of showing that transfer is warranted. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). A district court has broad discretion to transfer a civil action to any district where: (1) the case could have been filed originally, (2) transfer is in the interest of justice and convenient for parties and witnesses. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In addressing the second prong, a court "typically weighs a number of public and private factors, including (1) plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016).

As parties do not dispute that this case could have been brought in the Northern District of Georgia, the court deems the first prong met.

### A. Deference to Plaintiffs' Choice of Forum

Generally, a plaintiff's choice of forum is given significant deference. However, certain factors present here counteract that deference. In a putative class action, a plaintiff's choice of forum is given *less* deference but still weighs against transfer. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007).

Additionally, less deference is owed where a plaintiff does not reside in the chosen forum. *Lenk v. Semiconductor Component Indus., LLC*, No. 20-CV-08099-EJD, 2021 WL 3616769, at *3 (N.D. Cal. Aug. 16, 2021). Carroll does not reside in the forum. Defendant argues that though Rodriguez resides in California, her choice is not entitled to deference because her claim may be

subject to arbitration. Defendant provides no authority indicating that the Court can or should consider the potential arbitrability of her claims where no motion to compel arbitration has been filed. That Rodriguez resides in California weighs against transfer.

The appropriate amount of deference may also be affected by "the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action." *Pac. Car & Foundry v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Here, at least some alleged events occurred in the forum, including Rodriguez's use of defendant's website and her alleged injury. Thus, some deference is owed on this basis as well.

### B. Convenience of the Parties

As Rodriguez resides in California, this forum is more convenient for her. Even if, as defendant claims, Rodriguez's claim will be subject to arbitration, Rodriguez would still have to litigate the arbitrability of her claims, making her convenience relevant at this stage of the litigation.

The parties dispute which forum is more convenient for Carroll. Carroll declares that he is blind, and that California is more convenient for him because that is where his counsel is located. Defendant argues that because Carroll lives in Virginia, the state of Georgia, which is closer to him than California, is more convenient and that any support provided by his counsel can be just as readily provided in Georgia. The Court agrees with defendant that counsel should be able to assist Carroll in either forum but gives some deference to plaintiff's declared needs and finds this factor weighs against transfer.

The parties do not dispute that Georgia is more convenient for defendant, as its headquarters are based there.

Ultimately, the parties have shown that this forum is more convenient for Rodriguez and slightly more convenient for Carroll and Georgia is more convenient for defendant. As "[t]ransfer is inappropriate where it would merely shift rather than eliminate the inconvenience," this prong weighs against transfer. *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195 (S.D. Cal. 2007) (citation omitted).

// //

### C. Convenience of Witnesses

Defendant argues that its employees who are likely to be witnesses are based in Georgia. Defendant identifies the relevant individuals and their testimony at a high level. *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) ("When determining convenience, courts should look at "not only the number of witnesses, but also the nature and quality of their testimony."). While recognizing the relevance of this testimony, court's generally "give less consideration to party witnesses and their employees because they can be compelled to testify regardless of where the case will proceed." *Williams v. Condensed Curriculum Int'l, Inc.*, No. 4:20-CV-05292-YGR, 2020 WL 6700492, at *4 (N.D. Cal. Nov. 13, 2020).

Plaintiffs argue that California is a more convenient forum for third-party witnesses at Facebook and Google. Though the convenience of third-party witnesses may be a significant factor in determining if transfer is warranted, plaintiffs fail to explain the type of testimony such third-parties would need to provide. As described above, more detail is required. Convenience of witnesses weighs slightly toward transfer.

### D. Location of Records and Applicable Law

Factors four and five are neutral. The district courts are equally qualified to address questions of federal law and the records at issue are electronic and easily transferable. *Joseph v. TrueBlue, Inc.*, No. 2:14-CV-0316-SMJ, 2014 WL 6908968 at *2 (E.D. Wash. Dec. 9, 2014) (addressing equal competence of district courts to try issues of federal law); *Trottier v. FieldCore Servs. Sols., LLC*, No. CV 20-77 PA (JCX), 2020 WL 13304063, at *3 (C.D. Cal. Aug. 3, 2020) (addressing electronic evidence).

### E. Interests of Justice

Relevant public interest considerations include degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty. *Costco*, 472 F. Supp. 2d at 1196 (citation omitted).

The difference in congestion between the two districts is too insignificant to be a relevant factor here. Further, "a court 'should not transfer a case on the basis of docket congestion after determining the balance of the other factors weighs against transfer.'" *Id.*

4

Defendant does not directly address Georgia's local interest in the controversy, beyond alleging that relevant agreements and events, such as defendant's choice to use Google Analytics and Facebook Pixel, took place in the forum.  Plaintiffs' argument that states have a local interest in addressing torts that cause injury within their borders is significantly more compelling. *Cytokinetics, Inc v. Pharm-Olam Int'l, Ltd.*, No. C 14-05256 JSW, 2015 WL 1056324, at *2 (N.D. Cal. Mar. 10, 2015).  As Rodriguez is in California and alleges injury there, this factor weighs against transfer.

Having weighed the relevant factors, the Court **DENIES** defendant's motion to transfer.

## II.     MOTION FOR DISCOVERY REGARDING ARBITRABILITY[2]

After filing the motion to transfer and motion to dismiss, defendant filed a motion for limited early discovery to determine the arbitrability of plaintiff Rodriguez's claims.  (Dkt. No. 30.) Defendant represents that it has a membership program called "One Membership Program" which requires users to sign an arbitration agreement.  Defendant seeks Rodriguez's email address and any One Membership account details.  Defendant states that there are multiple accounts under plaintiff's name but that without her email address, they cannot confirm that the accounts are connected to plaintiff.

Agreements to arbitrate "are to be rigorously enforced."  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).  Congress passed the Federal Arbitration Act with the intent of moving "parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'"  *Bell v. Koch Foods of Miss., LLC*, 358 Fed.Appx. 498, 500–01 (5th Cir.2009) (citation omitted).  In line with this purpose, the Federal Arbitration Act provides for discovery in connection with a motion to compel arbitration if there is a question over whether the agreement was entered.  *Laguna v. Coverall N. Am., Inc.*, No. 09CV2131-JM BGS, 2011 WL 3176469, at *6 (S.D. Cal. July 26, 2011).

Plaintiffs do not dispute this legal standard. Rather, they argue the requested discovery is not necessary because they offered a declaration from Rodriguez that she is not a One Program

---

[2] The parties' stipulation to have this motion heard over Zoom is **DENIED** as the Court can decide the motion on the papers.  (Dkt. No. 34.)

5

member. The Court agrees with defendant that this is insufficient to prove she never was a member, or that she has not forgotten that she signed up.

Plaintiffs also argue that by filing a motion to dismiss, defendant has waived any right to arbitrate Rodriguez' claims. The motion to dismiss states that it is only brought as to Carroll and that defendant reserves its right to arbitrate claims against Rodriguez. It also represents, and the parties do not dispute, that at the time of filing, the parties had been discussing whether plaintiffs would disclose Rodriguez's email address to allow defendant to determine if a motion to compel arbitration would be appropriate. Plaintiffs argue that it still constitutes waiver because the motion addresses ultimate questions regarding the validity of both plaintiff's claims.

In this context, the Court finds that defendant did not act contrary to its right to arbitrate, as required for waiver of such right. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). In the interest of judicial economy, the Court orders as follows:

1. The motion for limited discovery is **GRANTED**. Plaintiffs shall provide defendant with Rodriguez's email address(es) and any information relevant to any One Membership accounts created by Rodriguez by within three (3) business days of this Order.
2. Within fourteen days of receipt of the discovery described above, defendant shall file any motion to compel arbitration to the extent one exists.
3. The motion to dismiss is **DENIED WITHOUT PREJUDICE** to being refiled either 14-days after receipt of the discovery, in the event a motion to compel arbitration is not brought, or within 14-days of this Court's order on a motion to compel arbitration. If Rodriguez's claim is not subject to arbitration, defendant shall revise the motion to dismiss to address any basis for dismissal of her claims. The Court's analysis of any motion to dismiss claims arising out of the Video Privacy Protection Act ("VPPA") includes an analysis specific to plaintiffs. Parties should review this Court's orders in *Ghanaat v. Numerade*, 4:23-cv-00833-YGR and *Markels v. AARP*, 4:22-cv-05499-YGR.
4. Defendant's motion for leave to file a response to the United States' Notice of Intervention and Memorandum in Support of the Constitutionality of the VPPA is

**DENIED** as moot. (Dkt. No. 38.) Defendant shall include any response to that filing in its renewed motion to dismiss.

This Order terminates docket numbers 20, 24, 30, 34, and 38.

**IT IS SO ORDERED**.

Dated: September 7, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**