UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEITH CARROLL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHICK-FIL-A, INC., <br><br> Defendant. | Case No. 23-cv-00314-RFL <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 47 |

Chick-fil-A's Motion to Dismiss is granted with leave to amend.  This order assumes the reader's familiarity with the factual allegations, the relevant law, and the parties' arguments.

The First Amended Complaint ("FAC") (Dkt. No. 15) does not plausibly allege that Chick-fil-A is a video tape service provider ("VTSP").  Under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), a VTSP is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio-visual materials[.]"  18 U.S.C. § 2710(a)(4).  The plaintiffs' sole factual allegation is that there is more than one video on Chick-fil-A's websites.  This is not sufficient to plausibly allege that Chick-fil-A is "substantially involved in the conveyance of video content to consumers" or that its products are "significantly tailored to serve that purpose."  *Jackson v. Fandom, Inc.*, No. 22-CV-04423-JST, 2023 WL 4670285, at *3 (N.D. Cal. July 20, 2023) (quoting *In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017)).  Under the plaintiffs' argument, any company that has more than one video on its website would be a VTSP.  District courts within the Ninth Circuit routinely reject this contention.  *See, e.g., Markels v. AARP*, No. 4:22-CV-5499-YGR, 2023 WL 6411720, at *3 (N.D. Cal. Aug. 29, 2023)

(dismissing VPPA claim because "none of plaintiffs' allegations indicate that providing video content is a substantial or significant purpose of AAPR."); *Cantu v. Tapestry, Inc.*, No. 22-CV-1974-BAS-DDL, 2023 WL 6451109, at *5 (S.D. Cal. Oct. 3, 2023) (finding that Coach was not a VTSP because the marketing videos on Coach.com were peripheral to its business); *Carroll v. Gen. Mills, Inc.*, No. CV231746DSFMRWX, 2023 WL 4361093, at *3–4 (C.D. Cal. June 26, 2023) (VPPA does not apply to a food company who merely used videos to "increase[] its brand presence"); *Hernandez v. Chewy, Inc.*, No. 223CV05620HDVRAO, 2023 WL 9319236, at *3 (C.D. Cal. Dec. 13, 2023) ("The Complaint fails to allege how [a video about free pet food shipping] and other videos are a central focus of Defendant's business, nor could any plausible amendment remedy this fatal deficiency.").  As in the many similar cases described above, the FAC here does not plausibly allege that Chick-fil-A is "engaged in the business" of video delivery.  18 U.S.C. § 2710(a)(4).

The FAC also fails to plausibly allege that the plaintiffs are consumers under the VPPA. Under the VPPA, "the term 'consumer' means any renter, purchaser, or subscriber of goods or services from a video tape service provider[.]"  18 U.S.C. § 2710(a)(1).  The plaintiffs allege that they are "purchasers" because they have "purchased and eaten at Defendant's restaurant before," and that they are "subscribers" because they downloaded Chick-fil-A's mobile app onto their phones.  (Dkt. No. 15 ¶¶ 50–51.)  Neither is sufficient to confer the VPPA's protections.

The plaintiffs are not "purchasers" because they have not pleaded any "nexus" between their purchases and the "video content at issue."  *Hernandez v. Container Store, Inc.*, No. 223CV05067HDVRAO, 2024 WL 72657, at *3 (C.D. Cal. Jan. 3, 2024) (quoting *Tawam v. Feld Ent. Inc.*, No. 23-CV-357-WQH-JLB, 2023 WL 5599007, at *5 (S.D. Cal. July 28, 2023).  While the "purchaser" prong is less well-tested, numerous district courts have found that in order to be a "subscriber" under the VPPA, there must be some "factual nexus" between the subscription and the video content.  *See, e.g., Kuzenski v. Uproxx LLC*, No. 223CV00945WLHAGR, 2023 WL 8251590, at *4 (C.D. Cal. Nov. 27, 2023); *Markels*, 2023 WL 6411720, at *3; *Tawam*, 2023 WL 5599007, at *5 (collecting cases).  Nothing in the statute suggests that purchaser-consumers

should be treated differently than subscriber-consumers. *See* 18 U.S.C. § 2710(a)(1) ("consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider"). In *Hernandez*, the court reviewed "the litany of decisions recognizing a nexus requirement," largely in the subscriber context, and similarly held that the purchaser prong requires a nexus between the purchaser and the audiovisual content at issue. 2024 WL 72657, at *3 ("Nor does Plaintiff offers any persuasive rationale for requiring a nexus between a 'subscriber' and the audiovisual content at issue, but not between a 'purchaser' and that same content."). Here, the plaintiffs have not alleged any nexus between their purchases at Chick-fil-A restaurants and the videos on Chick-fil-A's websites and are therefore not "purchasers" under the VPPA.

Nor are the plaintiffs "subscribers." They do not allege that they provided Chick-fil-A with their information or payment, registered for or created a profile on the app, committed to receiving future videos, or used the app to access any videos that were not freely available on Chick-fil-A's websites. Rather, they viewed publicly available, free videos on a website and, separately, downloaded an app. They do not allege any nexus between the app and the videos, nor do they allege that they exchanged anything with Chick-fil-A (e.g., information or money) in relation to the video content. *See, e.g., Markels*, 2023 WL 6411720, at *3. Accordingly, the plaintiffs do not sufficiently allege that they are Chick-fil-A subscribers under the VPPA.

Chick-fil-A raises three additional arguments: (1) that the FAC does not sufficiently allege that Chick-fil-A discloses personally identifiable information ("PII"); (2) that, even if the FAC did allege that Chick-fil-A discloses PII, it does not sufficiently allege that Chick-fil-A does so knowingly; and (3) that the VPPA is facially unconstitutional. The Court does not reach these arguments because the asserted claims fail to plausibly allege required elements of the VPPA, for the reasons stated above.

Plaintiffs do not offer any clear indication that they could cure those deficiencies if granted leave to amend. However, because this is the first ruling finding the allegations insufficient to state a claim under the VPPA, and plaintiffs have not previously had an

opportunity to address those deficiencies, the Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND**.  If the plaintiffs wish to file a second amended complaint, they must do so by March 5, 2024.

       **IT IS SO ORDERED.**

Dated: February 13, 2024

_____

RITA F. LIN
United States District Judge